Justin Carlson and Rebecca Lombard
171 Elkview Dr.
Forest City, PA 18421
570-234-9808
justin.carlson.legal@gmail.com
**Plaintiffs**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTIN CARLSON et al., PLAINTIFFS,** | **NO. 3:26-CV-01231 CAMONI, M.J.** |
| **vs.** | |
| **MICHELLE GRAZIANO et al. DEFENDANTS.** | **PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE** |

Plaintiff Justin Carlson respectfully moves under M.D. Pa. L.R. 7.10 for reconsideration of the Court's May 21, 2026 Order **(Dk#4)**, and for an order recognizing him as a real party in interest under Fed. R. Civ. P. 17(a)(1)(C) and recognize him as VC's guardian representative as authorized under and 17(c)(1)(A).

The May 21, 2026 Order states: "*A licensed attorney must enter their appearance to represent VC in this action.*" The Order further provides that failure to comply

PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAY 21, 2026
ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN
REPRESENTATIVE

1

*"may result in VC being dismissed as a Plaintiff."*

Plaintiffs acknowledge that the Order reflects the ordinary rule applied in this Circuit. However, the Order was entered sua sponte before briefing on Rule 17(a), Rule 17(c), 28 U.S.C. § 1654 or § 35 of the Judiciary Act of 1789. Plaintiffs therefore respectfully request that the Court decide those issues before enforcing the attorney-appearance requirement or dismissing VC, because Plaintiffs contend Rule 17 and § 1654 authorize Mr. Carlson to proceed in a representative capacity.

A supporting brief and proposed order are filed contemporaneously.

**RELIEF REQUESTED**

Mr. Carlson respectfully requests that the Court:

1. Reconsider the May 21, 2026 Order **(Dk#4)** before enforcing the attorney appearance requirement or dismissing VC.

2. Recognize Mr. Carlson as VC's parent and natural/general guardian.

3. Recognize Mr. Carlson under Fed. R. Civ. P. 17(a)(1)(C) as a proper real party in interest authorized to sue in his own name as VC's guardian.

4. Recognize Mr. Carlson under Fed. R. Civ. P. 17(c)(1)(A) as VC's general guardian authorized to sue or defend on VC's behalf.

5. Permit Mr. Carlson, in that Rule 17 representative capacity, to plead and

PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

2

conduct their own case under 28 U.S.C. § 1654.

6.     Hold the attorney appearance requirement and any dismissal of VC in abeyance pending resolution of this motion.

7.     Decline to appoint a guardian ad litem under Rule 17(c)(2) absent specific findings that VC lacks a Rule 17(c)(1) representative.

8.     Alternatively, if the Court does not find that Justin Carlson is a Rule 17(c)(1)(A) guardian, enter a separate, clear order stating:

    a. that the ruling concerns representation only;

    b. that the ruling does not address the merits of any claim or defense;

    c. that Mr. Carlson's request to conduct VC's claims is denied;

    d. that Justin Carlson is not a 17(c)(1)(A) representative;

    e. that VC must obtain counsel by a date certain;

    f. that failure to obtain counsel by that date will result only in dismissal of VC's claims without prejudice for lack of representation only; and

    g. that any dismissal of VC is not on the merits and does not adjudicate, limit, waive, or impair VC's ability to refile through other representation or upon reaching majority, subject to any applicable tolling rules, including minority tolling.

9.     If the Court dismisses VC as a Plaintiff, specify:

    a. whether VC is dismissed with or without prejudice;

PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

3

b. which counts are dismissed as to VC;

c. whether any claims belonging to Justin Carlson or Rebecca Lombard are affected;

d. whether Count III is dismissed in full as VC's Fourth Amendment seizure claim;

e. whether Count VIII is dismissed only as to VC's own genetic-seizure injury, while preserving the parents' genetic-seizure claims;

f. whether Count XVII is dismissed only as to VC's own malpractice injury, while preserving any independent or derivative parental damages; and

g. whether any other count is affected.

10. If the Court denies Mr. Carlson's request to conduct VC's claims or dismisses VC, enter the ruling in a separate order suitable for appellate review and certify the issue under Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b).

**GROUNDS**

11. On May 21, 2026, the Court ordered **(Dk#4)** that a licensed attorney must enter an appearance for VC and warned that failure to comply may result in VC being dismissed as a Plaintiff.

12. The May 21, 2026 Order was entered sua sponte before briefing on Rule 17(a), Rule 17(c), or § 1654.

13. Mr. Carlson is VC's biological father.

PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

4

14. Mr. Carlson is VC's natural/general guardian.

15. Rule 17(a)(1)(C) identifies a guardian as a proper real party in interest who may sue in the guardian's own name without joining the person for whose benefit the action is brought.

16. Rule 17(c)(1)(A) authorizes a general guardian to sue or defend on behalf of a minor.

17. Rule 17(c)(2) only applies when a minor is without a Rule 17(c)(1)(A) representative.

18. Because Mr. Carlson seeks recognition as VC's Rule 17(c)(1)(A) representative, VC should not be treated as "without a representative" unless the Court first denies that request.

19. Plaintiffs verified complaint **(Dk#1) at ℙ26** attests that Justin Carlson is VC's biological father.

20. If the Court denies Rule 17 relief, Mr. Carlson requests a clear, separate, representation-only ruling so that the parties and any reviewing court can determine exactly what was decided, which claims were affected, and what deadlines apply.

21. If the Court dismisses VC, the dismissal should be without prejudice and for representation only, not on the merits.

22. If VC is dismissed, the Court should clarify that the dismissal does not adjudicate or impair Justin Carlson's or Rebecca Lombard's individual claims,

PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

5

including their own constitutional injuries and damages.

23. If VC is dismissed, the Court should specify whether the dismissal affects only VC's claims in Count III, Count VIII, Count XVII, or any other claim.

24. Good cause exists to reconsider, clarify, or modify the May 21, 2026 Order before VC is dismissed or required to obtain counsel.

**CONCLUSION**

For these reasons, Plaintiffs respectfully requests that the Court reconsider the May 21, 2026 Order, recognize Justin Carlson as a Rule 17(a)(1)(C) real party in interest and VC's Rule 17(c)(1)(A) representative, and permit him, in that representative capacity, to conduct their own case under 28 U.S.C. § 1654.

In the alternative, if the Court denies that relief, Plaintiffs respectfully requests a clear, separate, representation-only order that identifies the affected claims, preserves the parents' individual claims, sets a date-certain counsel deadline, and provides that any dismissal of VC is without prejudice, for lack of representation only, not on the merits, and does not adjudicate, limit, waive, or impair VC's ability to refile through other representation or upon reaching majority, subject to any applicable tolling rules, including minority tolling.

**Respectfully submitted on this day of May 29, 2026**

*Justin Carlson   Rebecca Lombard*

PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

6

Justin Carlson; Rebecca Lombard; and
VC, a Minor, by Justin Carlson
171 Elkview Dr.
Forest City, PA 18421
570-234-9808
justin.carlson.legal@gmail.com

PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAY 21, 2026
ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN
REPRESENTATIVE

7

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTIN CARLSON et al.,** **PLAINTIFFS,** | **NO. 3:26-CV-01231** **CAMONI, M.J.** |
| **vs.** | |
| **MICHELLE GRAZIANO et al.** **DEFENDANTS.** | **CERTIFICATE OF USE OF** **GENERATIVE AI** |

I certify that I used OpenAI's ChatGPT to assist with legal research, organization, and polishing/editing portions of this filing. All factual assertions and legal arguments are my own. I personally reviewed and edited the final filing, independently checked the accuracy of the legal authorities and citations relied upon, and verified that the cited cases and authorities accurately pertain to the propositions for which they are used. Because generative AI may inadvertently slightly alter quoted language during editing, I also reviewed quoted material against the source authorities to the best of my ability.

**Respectfully submitted on this day of May 29, 2026**

*Justin Carlson Rebecca Lombard*

Justin Carlson; Rebecca Lombard; and

VC, a Minor, by Justin Carlson

171 Elkview Dr.

Forest City, PA 18421

570-234-9808

justin.carlson.legal@gmail.com
