| | |
|---|---|
| **JUSTIN CARLSON et al., PLAINTIFFS,** | **NO. 3:26-CV-01231** **CAMONI, M.J.** |
| **vs.** | |
| **MICHELLE GRAZIANO et al. DEFENDANTS.** | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE** |

AND NOW, this _____ day of _____, 2026, upon consideration of **PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE (Dk#8)**, the Motion is **GRANTED** as follows.

The Court reconsiders its May 21, 2026 Order.

The Court finds that Plaintiff Justin Carlson is VC's natural/general guardian. Under Fed. R. Civ. P. 17(a)(1)(C), as VC's guardian, Plaintiff Justin Carlson is recognized as a real party in interest authorized to sue in his own name for VC's benefit. Under Fed. R. Civ. P. 17(c)(1)(A), as VC's guardian, Plaintiff Mr. Carlson may sue or defend on VC's behalf in this action.

In that Rule 17 representative capacity, and as a real party in interest, Mr. Carlson may plead and conduct their own claims under 28 U.S.C. § 1654. VC shall not be

1

dismissed as a Plaintiff based on the absence of a licensed attorney appearance.

This Order concerns representation only and does not adjudicate the merits of any claim or defense.

Date: _____          _____

Sean A. Camoni

United States Magistrate Judge

**JUSTIN CARLSON et al.,**
    **PLAINTIFFS,**

       **vs.**

**MICHELLE GRAZIANO et al.**
    **DEFENDANTS.**

**NO. 3:26-CV-01231**
**CAMONI, M.J.**

**[ALTERNATIVE PROPOSED] ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE**

AND NOW, this _____ day of _____, 2026, upon consideration of **PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE (Dk#8)**, the Motion is **DENIED** as follows.

The Court denies Plaintiffs' request to recognize Justin Carlson as VC's real party in interest under Fed. R. Civ. P. 17(a)(1)(C), as VC's authorized representative under Fed. R. Civ. P. 17(c)(1)(A), and as a person permitted to conduct VC's claims under 28 U.S.C. § 1654. The Court concludes that Mr. Carlson may not conduct VC's claims without licensed counsel entering an appearance for VC.

This Order concerns representation only, is separate from the merits, and conclusively resolves whether Mr. Carlson may conduct VC's claims without licensed counsel. VC shall have **30 days** from entry of this Order to obtain licensed counsel.

If licensed counsel does not enter an appearance for VC within **30 days**, VC's claims are dismissed without prejudice, for lack of representation only, effective on that date. That dismissal shall not adjudicate the merits, factual sufficiency, pleading sufficiency, timeliness, or legal validity of any claim or defense, and shall not limit VC's ability to refile through proper representation or upon reaching majority, subject to any applicable tolling rules, including minority tolling.

**Upon dismissal under this Order for claims belonging to VC:**

it does not dismiss, limit, or adjudicate any individual claims belonging to Justin Carlson or Rebecca Lombard;

Count III, which asserts VC's Fourth Amendment seizure claim, is dismissed in its entirety;

Count VIII is dismissed only as to VC's own genetic-seizure injury and does not affect Justin Carlson's or Rebecca Lombard's individual claims asserted in Count VIII;

Count XVII is dismissed only as to VC's own malpractice injury and does not affect any independent or derivative damages claims belonging to Justin Carlson or Rebecca Lombard;

No other count or claim is dismissed unless expressly identified by the Court.

**Upon dismissal of VC under this Order**, the Court expressly determines under Fed. R. Civ. P. 54(b) that there is no just reason for delay and directs entry of judgment as to VC's dismissed claims.

The Court also certifies this representation ruling for interlocutory appeal under 28 U.S.C. § 1292(b), finding that the ruling involves a controlling question of law, substantial grounds for difference of opinion exist, and immediate appeal may materially advance the ultimate termination of this litigation.

Date: _____          _____

Sean A. Camoni

United States Magistrate Judge
