Justin Carlson and Rebecca Lombard
171 Elkview Dr.
Forest City, PA 18421
570-234-9808
justin.carlson.legal@gmail.com
**Plaintiffs**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTIN CARLSON et al.,** <br> **PLAINTIFFS,** <br><br> vs. <br> **MICHELLE GRAZIANO et al.** <br> **DEFENDANTS.** | **NO. 3:26-CV-01231** <br> **CAMONI, M.J.** <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE** |

**BRIEF**

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION
OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE
17(c)(1)(A) GUARDIAN REPRESENTATIVE

A.1

**TABLE OF CONTENTS**

INTRODUCTION.................................................................................................... 1

PROCEDURAL HISTORY......................................................................................1

STANDARD FOR RECONSIDERATION..............................................................2

STATEMENT OF FACTS.......................................................................................3

STATEMENT OF QUESTIONS INVOLVED........................................................3

ARGUMENT............................................................................................................4

I. Reconsideration is warranted because the Rule 17 issue was not briefed before the May 21 Order..................................................................................................4

II. The Fifth Circuit's framework: a representative may conduct a case if the law makes it "their own."........................................................................................5

III. Rule 17 authorizes parents to proceed pro se on behalf of their children............... 6

IV. The Judiciary Act of 1789 and 28 U.S.C. § 1654: Congress wrote "counsel," not "attorney".................................................................................................. 9

V. Rule 17 makes the parent the representative/real party; § 1654 lets that representative "conduct their own case"................................................................... 14

VI. Third Circuit and Other Federal Decisions Added Judge-Made Gloss with No Cornerstone in Law—and It's Time to Correct Course.................................................16

VII. Stare decisis must yield to clear text; courts may not "insert an amendment" the law does not contain.................................................................................. 18

VIII. Practical objections (frivolousness/competence) don't justify rewriting Rule 17 or § 1654..................................................................................................22

CONCLUSION.......................................................................................................23

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

A.2

**TABLE OF AUTHORITIES**

**CASES**

*Adams ex rel. D.J.W. v. Astrue,*
659 F.3d 1297, 1299–1301 (10th Cir. 2011) ………………………….... 17

*Berrios v. N.Y.C. Hous. Auth.,*
564 F.3d 130, 134 (2d Cir. 2009) ………………………………….... 16

*Booth v. United States,*
914 F.3d 1199, 1206 (9th Cir. 2019) ……………………………….. 10, 12

*Chambers v. Balt. & Ohio R.R.,*
207 U.S. 142, 148 (1907) ……………………………………….. 11, 19

*Chan v. Korean Air Lines,*
490 U.S. 122, 134–35 (1989) …………………………….……… 12, 19

*Cheung v. Youth Orchestra Found. of Buffalo, Inc.,*
906 F.2d 59 (2d Cir. 1990) …………………………….……….. 16, 12, 22

*Collinsgru v. Palmyra Bd. of Educ.,*
161 F.3d 225, 229–33 (3d Cir. 1998) …………………..……….. 6, 8, 12, 22

*Communities for Equity v. MHSAA,*
26 F. Supp. 2d 1001, 1006 (W.D. Mich. 1998) ……………………….... 7

*Croce v. Bromley Corp.,*
623 F. 2d 1084 - Court of Appeals, 5th Circuit 1980 …………………… 7-8

*Dengler by Dengler v. Crisman,*
358 Pa. Super. 158, 516 A.2d 1231, 1233 (Pa. Super. Ct. 1986) ………….. 8

*Devine v. Indian River Cnty. Sch. Bd.,*
121 F.3d 576, 581–82 (11th Cir. 1997) ……………………....… 16, 12, 22

*Edward J. DeBartolo Corp. v. Florida Gulf Coast Building & Constr. Trades Council,* 485 US 568 - Supreme Court 1988 ……………………………… 19

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

A.3

*Ethan H. v. New Hampshire,*
    No. 92-1098, 1992 WL 167299, (1st Cir. 1992) ………………………… 16

*Fontain v. Ravenel,*
    58 U.S. (17 How.) 369, 384 (1855) ……………………………………… 17

*Gamble v. United States,*
    *587 U.S. 678, 718 (2019)* ………………………………………..… 19, 21

*Grizzell v. San Elijo Elementary Sch.,*
    110 F.4th 1177, 1181 (9th Cir. 2024) ……………………………….. 18

*Harris v. Apfel,*
    209 F.3d 413, 416–417 (5th Cir. 2000) ………………………………... 17

*Hawaii v. Standard Oil,*
    405 U.S. 251, 257 (1972) ……………………………………………… 17

*Janus v. AFSCME,*
    585 U.S. 878, 917 (2018) ……………………………………………... 18

*Johns v. Cnty. of San Diego,*
    114 F.3d 874 (9th Cir. 1997) ……………………………………….... 16

*Kennedy v. Sec'y of Health & Hum. Servs.,*
    99 Fed. Cl. 535, 546 (2011) …………………………………………… 17

*Landreth By and Through Ore v. US,*
    850 F. 2d 532 - Court of Appeals, 9th Circuit 1988 ………………….... 12

*Machadio v. Apfel,*
    276 F.3d 103, 107 (2d Cir. 2002) ……………………………………… 17

*Maldonado ex rel. Maldonado v. Apfel,*
    55 F. Supp. 2d 296, 305–308 (S.D.N.Y. 1999) …………………….... 17

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,*

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION
OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE
17(c)(1)(A) GUARDIAN REPRESENTATIVE

A.4

176 F.3d 669, 677 (3d Cir. 1999) ……………………………………….. 2

*Meeker v. Kercher*,
782 F.2d 153 (10th Cir. 1986) ……………………………………… 16

*M.L.B. v. S.L.J.,*
519 U.S. 102, 113 (1996) …………………………………………..... 18

*Monell v. Dep't of Soc. Servs.,*
436 U.S. 658 (1978) ………………………………………………..... 12

*Myers v. Loudoun Cnty. Pub. Schs.,*
418 F.3d 395 (4th Cir. 2005) …………………………………….... 16, 12, 22

*Osei-Afriyie v. Med. Coll. of Pa.,*
937 F.2d 876, 882–83 (3d Cir. 1991) …………………………………….... 8

*Parham v. J.R.,*
442 U.S. 584, 602–04 (1979) …………………………………………..... 5

*Pierce v. Soc'y of Sisters,*
268 U.S. 510, 534–35 (1925) …………………………………………..... 5

*Quilloin v. Walcott,*
434 U.S. 246, 255 (1978) ………………………………………………. 5

*Raskin v. Dallas ISD,*
69 F.4th 280 (5th Cir. 2023) …………………………....…… 5, 8, 11, 15, 17

*Ratzlaf v. United States,*
510 U.S. 135, 147–48 (1994) ……………………………………… 12, 19

*Reiter v. Sonotone Corp.,*
442 U.S. 330, 339 (1979) …………………………………………….. 4

*Riccio v. Sentry Credit, Inc.,*
*954 F.3d 582 (3d Cir. 2020) (en banc)* ………………………………... 12-13

*Rodriguez v. FDIC,*
589 U.S. 132, 136 (2020) ………………………………………….... 17

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION
OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE
17(c)(1)(A) GUARDIAN REPRESENTATIVE

A.5

*Russello v. United States,*
        464 U.S. 16, 23 (1983) ……………………………………………..... 12

*Santosky v. Kramer,*
        455 U.S. 745, 753 (1982) ……………………………………………….. 5

*Shepherd v. Wellman,*
        313 F.3d 963, 970 (6th Cir. 2002) ……………………………………... 16

*Tindall v. Poultney High Sch. Dist.,*
        414 F.3d 281, 286 (2d Cir. 2005) …………………………………….. 18

*Troxel v. Granville,*
        530 U.S. 57, 72–73 (2000) ……………………………………………. 10-11

*United States v. Standard Oil,*
        332 U.S. 301, 305 (1947) ……………………………………………… 17

*Winkelman ex rel. Winkelman v. Parma City Sch. Dist.,*
        *550 U.S. 516, 535 (2007)* ……………………………………………… 17

**RULES / STATUTES / ACTS**

Fed. R. Civ. P. 17

28 U.S.C. § 1654

The Judiciary Act of 1789

**OTHER**

*Lisa V. Martin, No Right to Counsel, No Access Without: The Poor Child's Unconstitutional Catch-22, 71 Fla. L. Rev. 831, 848, 872 (2019)*………………... 11

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

A.6

## INTRODUCTION

This brief supports Plaintiffs' motion for reconsideration of the Court's May 21, 2026 Order requiring a licensed attorney to enter an appearance for VC. Plaintiffs respectfully request reconsideration before the attorney-appearance requirement is enforced or VC is dismissed, because the Order was entered sua sponte before briefing on Rule 17(a), Rule 17(c), or 28 U.S.C. § 1654. Those governing texts should be applied as written: Rule 17 expressly recognizes a parent-guardian as a real party in interest and authorized representative for the minor, and § 1654 guarantees that parties may conduct "their own" cases personally or by counsel.

This pivotal threshold question is simple: Can the term "counsel" be construed to mean "attorney" when § 1654's predecessor, The Judiciary Act of 1789, confirms the distinction by separating the terms "counsel" and "attorneys at law?" Plaintiffs recognize this Court is being asked to reconsider entrenched practice. Faithful reading of the text and history supports reconsideration of the May 21 Order so the Rule 17 issue is decided before VC is dismissed.

## PROCEDURAL HISTORY

Plaintiffs filed this civil action on May 7, 2026. On May 21, 2026 the Court entered an Order stating: "*A licensed attorney must enter their appearance to*

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

1

*represent VC in this action.*" **(DK#4)**. The Order further provides that failure to comply "*may result in VC being dismissed as a Plaintiff.*"—*Id.*

Plaintiffs now timely move under M.D. Pa. L.R. 7.10 for reconsideration of that Order, and for recognition of Mr. Carlson as VC's rule authorized representative under Fed. R. Civ. P. 17(a)(1)(C) and 17(c)(1)(A).

**STANDARD FOR RECONSIDERATION**

M.D. Pa. L.R. 7.10 permits a motion for reconsideration or reargument when filed with a supporting brief within fourteen days after entry of the order concerned. Because the May 21 Order does not adjudicate all claims or rights of all parties, it is interlocutory and may be revised before final judgment. Fed. R. Civ. P. 54(b). Reconsideration is appropriate "*to correct a clear error of law or fact or to prevent manifest injustice.*"—*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Plaintiffs seek reconsideration because the May 21 Order was entered sua sponte before Plaintiffs had the opportunity to brief the Court on Rule 17 or 28 U.S.C. § 1654. The requested relief only asks that the Court decide the representation issue under the governing texts before enforcing the attorney appearance requirement or dismissing VC.

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

2

**STATEMENT OF FACTS**

1. Justin Carlson is VC's biological father.

2. VC is a minor.

3. Mr. Carlson is VC's natural/general guardian.

4. On May 21, 2026, the Court entered an Order stating: "*A licensed attorney must enter their appearance to represent VC in this action.*" **(Dk#4)**

5. The May 21, 2026 Order further provides that failure to comply "*may result in VC being dismissed as a Plaintiff.*"

6. Rule 17(a)(1)(C) lists guardians as a real party in interest.

7. Rule 17(c)(1)(A) lists guardians as a representative for a minor.

8. Rule 17(c)(2) only requires appointment when no other representative is available.

9. Neither Rule 17, 28 U.S.C. § 1654, nor any other rule states a "licensed attorney" for a minor is mandated.

**STATEMENT OF QUESTIONS INVOLVED**

1. Whether the Court should reconsider its May 21, 2026 Order before enforcing the attorney appearance requirement or dismissing VC.

**Suggested answer: Yes.**

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

3

2. Whether Mr. Carlson may be recognized under Rule 17(a)(1)(C) as a real party in interest.

**Suggested answer: Yes.**

3. Whether Mr. Carlson should be recognized as VC's Rule 17(c)(1)(A) guardian representative.

**Suggested answer: Yes.**

4. Whether Mr. Carlson, once recognized as a Rule 17(a)(1)(C) real party in interest and as VC's Rule 17(c)(1)(A) representative, should be authorized to conduct their own case under 28 U.S.C. § 1654.

**Suggested answer: Yes.**

**ARGUMENT**

**I. Reconsideration is warranted because the Rule 17 issue was not briefed before the May 21 Order.**

The May 21 Order reflects the ordinary practice applied in this Circuit, but it was entered before Plaintiffs had the opportunity to brief the interaction between Rule 17(a), Rule 17(c), and 28 U.S.C. § 1654. Plaintiffs respectfully submit that

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

4

reconsideration is warranted so the Court may decide that threshold issue on a developed record before VC is dismissed or required to obtain counsel.

The remaining argument explains why Rule 17 and § 1654 authorize Mr. Carlson to proceed in a representative capacity.

**II. The Fifth Circuit's framework: a representative may conduct a case if the law makes it "their own."**

In *Raskin v. Dallas ISD*, 69 F.4th 280 (5th Cir. 2023), the court explained "*the right to proceed pro se under § 1654 is not limited to cases where the pro se party is a named plaintiff. The statute provides for pro se representation in any case that is a party's "own." 28 U.S.C. § 1654. This language is rooted in the Judiciary Act of 1789 ... Accordingly, for a person to invoke § 1654, the only requirement is that the case he seeks to prosecute must belong to him.*"

The Raskins panel remanded stating it was "*Raskin's burden to establish that under § 1654, federal or state law authorizes her to proceed pro se on behalf of her children.*" Plaintiffs will do exactly that here—by grounding their position in the statutory text, the governing rules, and the founding-era history that unmistakably supports their authority to proceed.

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

5

### III. Rule 17 authorizes parents to proceed pro se on behalf of their children.

Rule 17(a)(1)(C) identifies a "*guardian*" as a real party in interest who may sue in the guardian's own name without joining the beneficiary. Rule 17(c)(1) lists who "*may sue or defend on behalf of a minor,*" including a "*general guardian*" and "*like fiduciary.*" Rule 17(c)(2) applies only when the minor "*does not have a duly appointed representative*", at which point the court must appoint a guardian ad-litem (GAL) or order other protection.

> ### *Rule 17. Plaintiff and Defendant; Capacity; Public Officers*
>
> #### *(a) Real Party in Interest.*
>
> *(1) Designation in General. An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:*
>
> > *(A) an executor;*
> > *(B) an administrator;*
> > ***(C) a guardian;***
> > *(D) a bailee;*
> > *(E) a trustee of an express trust;*
> > *(F) a party with whom or in whose name a contract has been made for another's benefit; and*
> > *(G) a party authorized by statute.*
>
> > *...*
>
> #### *(c) Minor or Incompetent Person.*
>
> ***(1) With a Representative.*** *The <u>following representatives may sue or defend on behalf of a minor</u> or an incompetent person:*

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

6

> *(A) a general guardian;*
> *(B) a committee;*
> *(C) a conservator; or*
> *(D) a like fiduciary.*

> *(2) Without a Representative. A minor or an incompetent person <u>who does not have a duly appointed representative</u> may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.*

> *...*

The available options under 17(c)(1) "*With a Representative*" make clear that "representative" does not mean attorney when it lists "*representatives [that] may sue or defend on behalf of a minor*". In fact, the words "attorney" or "licensed" were not written into Fed. R. Civ. P. 17 or 28 U.S.C. § 1654 at all.

Reading 17(c)(2) to displace 17(c)(1) would render 17(c)(1) surplusage and invert the Rule's structure. District courts likewise recognize "*a parent is a guardian who may so sue*" under Rule 17(c)(1) without reflexively re-labeling the parent as a "next friend."—*Communities for Equity v. MHSAA,* 26 F. Supp. 2d 1001, 1006 (W.D. Mich. 1998) citing *Croce v. Bromley Corp.*, 623 F. 2d 1084 - Court of Appeals, 5th Circuit 1980 (*the infant was "otherwise represented"; the child's legal guardian, his mother, brought this action on his behalf. Thus, there was no need for the court to appoint a guardian ad litem*). Pennsylvania courts also note "*it is clear*

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

7

*that the parent has the natural and primary right to bring an action, as guardian, on behalf of his or her child*"—*DENGLER BY DENGLER v. Crisman,* 516 A. 2d 1231 - Pa: SC 1986.

These opinions do more than confirm that parents are inherently their child's guardians—they underscore the critical distinction between a "guardian" and a "guardian ad litem." As Judge Oldham observed in *Raskin supra.*, "*a minor can sue through a legal guardian, next friend, or guardian ad litem*" and it is "*a choice written law recognizes and requires us to honor. So while the § 1654 pro se right is the child's, the parent as legal guardian is authorized to exercise that right on her child's behalf.*" Rule 17(c)(2) makes clear that next friends and GALs are fallback options—used only when no representative under 17(c)(1) is available.

Here, Mr. Carlson is VC's biological father and natural guardian. He is not only available, but fully competent, capable, and most importantly, the only person with the legal duty, responsibility, and the unwavering resolve to act in VC's best interest. That is not just his role as a parent, but it is his constitutional right, and there is no other single individual who could as effectively fulfill this role in its entirety.

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

8

**IV. The Judiciary Act of 1789 and 28 U.S.C. § 1654: Congress wrote "counsel," not "attorney".**

28 U.S.C. § 1654 provides:

> "*In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.*"

Its predecessor, § 35 of the Judiciary Act of 1789, allowed parties to:

> "*plead and manage their own causes <u>personally</u> **OR** by assistance of such <u>counsel</u> **OR** <u>attorneys at law</u> as by the rules of the said courts respectively shall be permitted to manage and conduct causes therein.*"
> (*emphasis added*)

The 1789 Act provided not just two, but three distinct modes for managing their own cause: (1) "personally," through (2) "counsel," or by (3) "attorney."

The Founding-era text twice distinguishes "counsel" from "attorneys" using the disjunctive "or" confirming the terms were not interchangeable. If they were synonyms, the duplication would be pointless; but courts "*are obliged to give effect, if possible, to every word Congress used.*"—*Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979). Further, "*Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context*

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

9

*dictates otherwise; here it does not."—Id.* Reading "counsel" and "attorneys at law" as interchangeable collapses two distinct terms into one and violates the ordinary rule against surplusage.

Congress chose to remove "*attorneys at law*" from § 1654, not "*counsel.*" While every attorney is a type of counsel, not all counsel are attorneys. By using the broader term "counsel," Congress intentionally encompassed both attorney and non-attorney representatives. This reading preserves the continuity between § 1654 and the Judiciary Act of 1789, both of which reflect the same foundational principle: the right of individuals in this nation to proceed in court without being compelled to hire an attorney.

Parents possess a fundamental liberty interest in the care, custody, and management of their children.—*Santosky v. Kramer,* 455 U.S. 745, 753 (1982); *Quilloin v. Walcott*, 434 U.S. 246, 255 (1978); *Pierce v. Soc'y of Sisters*, 268 U.S. 510, 534–35 (1925); *Parham v. J.R.*, 442 U.S. 584, 602–04 (1979). Choosing whether a minor proceeds through a Rule-recognized representative (counsel) or by attorney falls within "*parents' fundamental liberty interest in the care, custody, and management of their children.*"—*Troxel v. Granville*, 530 U.S. 57, 72–73 (2000). This would include litigation strategy and the allocation of limited family resources

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

10

because "*the Due Process Clause does not permit a State to infringe on the fundamental right of parents to make child rearing decisions simply because a state judge believes a "better" decision could be made ... Accordingly, so long as a parent adequately cares for his or her children (i. e., is fit), there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions*"—*Id.*; *Lisa V. Martin, No Right to Counsel, No Access Without: The Poor Child's Unconstitutional Catch-22, 71 Fla. L. Rev. 831, 848, 872 (2019).*

In addition, access to court is "*one of the highest and most essential privileges of citizenship,*"—*Chambers v. Balt. & Ohio R.R.*, 207 U.S. 142, 148 (1907), implicating due process, equal protection, and Petition Clause values. The attorney-mandate directly burdens these rights by forcing a "*Hobson's choice: litigate with counsel, or don't litigate at all*"—*Raskin supra.* (*Judge Oldham*) The current "*heads-I-win-tails-you-lose approach to § 1654 plainly defies the text of the statute and centuries of Anglo-American law dating as far back as the Magna Carta.*"—*Id.*

Congress's choice to write "*counsel*" in 28 U.S.C. § 1654 while the Judiciary Act of 1789 reads "*counsel or attorneys at law*" matters. "*[W]here Congress includes*

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

11

*particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."*—*Russello v. United States*, 464 U.S. 16, 23 (1983). Here, we are required to assume Congress made the intentional decision to remove "*attorneys at law*" and only use the broader term, "*counsel*". If their intention was to say "attorney only", the obvious decision would have been to remove "*counsel*", and leave "*attorneys at law*." "*The short answer is that Congress did not write the statute that way*"—*Id* and the 1789 Act tells us why.

Courts also may not "*insert an amendment*" the text does not contain.—*Chan v. Korean Air Lines*, 490 U.S. 122, 134–35 (1989). And when the text is clear, courts "*do not resort to legislative history to cloud*" it; they follow its plain meaning.—*Ratzlaf v. United States*, 510 U.S. 135, 147–48 (1994). When earlier constructions drift from text and history, the remedy is to correct them—just as the Court did in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) and the Third Circuit has shown in *Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (3d Cir. 2020) (en banc), when it revisited decades of practice, abandoned surplusage-creating add-ons, and returned to the statute's text. The same discipline belongs here.

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

12

Against that backdrop, it is striking to see opinions like *Collinsgru infra.* invoke *expressio unius* to conclude that only "attorneys" may represent minors when 28 U.S.C. § 1654 never says "attorney" at all—and the antecedent statute expressly distinguished "*counsel*" from "*attorneys at law.*" Correctly, applied to § 1654, *expressio unius* compels the conclusion that Congress deliberately omitted "*attorneys at law.*" The most coherent reading of § 1654—especially given the 1789 Judiciary Act's earlier phrasing of "*counsel or attorneys at law*"—is that "*counsel*" is the broader term: it includes attorneys, but is not limited to them. Saying "*counsel or attorneys at law*" is redundant, as "*counsel*" also includes "*attorneys at law.*" Congress then corrected their previous redundancy, by removing "*attorneys at law*" instead of removing "*counsel.*"

An alternate interpretation of 28 U.S.C. § 1654 could be that Congress intentionally removed "*attorneys at law*" to prevent attorney representation entirely. Although admittedly absurd, it's more textually accurate than claiming § 1654 meant "attorney-only representation" when the text isn't only absent the word "attorney" all together, it was intentionally removed from the text.

Even *Raskin supra.* commits this telling contradiction: it warns that § 1654 cannot allow representation by a nonlawyer because the statute "*does not include the*

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

13

*phrase, 'or by a nonlawyer,'*"—yet in the very next breath, it substitutes the word "attorney" for the statute's actual term, "counsel." That is, while faulting the statute for what it doesn't say, *Raskin* adds to it something it never said. Worse, it does so without reckoning with § 1654's roots in the Judiciary Act of 1789, which explicitly distinguished "*counsel*" from "*attorneys at law*"—a historical separation that *Raskin* and its authorities completely ignore while simultaneously they too, rewrite the text, creating these very issues where none previously existed.

28 U.S.C. § 1654 is clear, parties may self-represent, or obtain attorney or non-attorney "counsel" per the "rules of such courts". Rule 17 is one of those rules.

## V. Rule 17 makes the parent the representative/real party; § 1654 lets that representative "conduct their own case".

Rule 17(a)(1)(C) treats the guardian as a "*real party in interest*"; Rule 17(c)(1)(A) authorizes the guardian to "*sue or defend*" on the child's behalf. 28 U.S.C. § 1654 then prescribes how parties "*conduct their own cases*"—"*personally or by counsel*". Put together: once the Court recognizes Mr. Carlson under Rule 17(a) / (c)(1), he—as VC's representative/party—may conduct "their own" case personally or he may seek counsel, or even hire an attorney; but no statute or Rule adds an "attorney-only" condition, and one has never existed. A fact, Judge

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

14

Oldham also noted: "*It's enough to hold that neither federal nor state law generally requires a parent to hire an attorney before suing on behalf of her children.*"—*Raskin supra.*

This also fits practical logic. Statutes of limitations often apply to children precisely because the rules already allow parents to bring minors' suits: "*The fact of minority does not toll the statute. Brown v. United States, 353 F.2d 578, 579 (9th Cir.1965). Rather, the minor's parents have a legal duty to take action on the child's behalf. Washington v. United States, 769 F.2d at 1439.*"—*Landreth By and Through Ore v. US,* 850 F. 2d 532 - Court of Appeals, 9th Circuit 1988; See also *Dengler by Dengler supra; Booth v. United States,* 914 F.3d 1199, 1206 (9th Cir. 2019).

Rule 17 and § 1654 contain no carve-out restricting what a Rule 17(c)(1) representative may do. *Sue or defend* is litigation—filing, motion practice, discovery, trial strategy—the very activities § 1654 governs when it says "*conduct their own cases*". Rule 17(a)(1) / (c)(1) explains what makes a minor's case the guardian's *own* case. And if the guardian can "*sue or defend*," what remains for an attorney to be the exclusive gatekeeper of? Or better asked, what rules separate

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

15

specific litigation duties between Rule 17(c)(1) "representatives" and "attorneys?" None exist.

**VI. Third Circuit and Other Federal Decisions Added Judge-Made Gloss with No Cornerstone in Law—and It's Time to Correct Course.**

Two oft-cited Third Circuit decisions—*Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991), and *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 229–33 (3d Cir. 1998)—adopted a categorical "no non-attorney parent representation" rule based on policy concerns and other circuits' reasoning, without reconciling it with Rule 17's representative authorization or § 1654's Founding-era vocabulary.

This doctrinal misstep is not isolated. Federal courts are deeply fractured on the source and scope of the parent-representation ban. Some claim it stems from § 1654 (*e.g., Berrios, **2d Cir.**; Shepherd, **6th Cir.**; Ethan, **1st Cir.**; Meeker, **10th Cir.***); others say it arises from federal common law (*e.g., Johns, **9th Cir.**; Myers, **4th Cir.**; Cheung, **2d Cir.**; Devine, **11th Cir.***).

How can such a basic procedural question yield so many divergent answers—unless the rule itself is untethered from any proper legal foundation? The current bar has no cornerstone in § 1654, Rule 17, or the narrow domains of federal

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

16

common law. Yet it is treated as a longstanding fixture of American jurisprudence—a characterization that collapses under scrutiny. *See Raskin supra. (Judge Oldham, dissenting) (tracing the historical and statutory disconnect).*

Even the exceptions expose the doctrine's fragility and hypocrisy. Courts have repeatedly permitted parents to proceed pro se where the legal interest is partly or wholly theirs—as in SSI claims (*Adams, Harris, Machadio, Maldonado*), Vaccine Act petitions (*Kennedy*), and IDEA proceedings (*Winkelman*). These carve-outs are irreconcilable with any claim that § 1654 imposes a blanket bar. They reveal a rule applied inconsistently and without a legitimate textual anchor.

Nor can federal common law or *parens patriae* fill the gap. Federal common law cannot override a statute—especially where, as here, Congress already spoke in 28 U.S.C. § 1654. *See Rodriguez v. FDIC*, 589 U.S. 132, 136 (2020) (*only limited areas exist*); *United States v. Standard Oil,* 332 U.S. 301, 305 (1947) (*in the absence of an applicable Act of Congress*). And attempts to invoke *parens patriae* exceed federal authority and intrude into state domains. *See Hawaii v. Standard Oil*, 405 U.S. 251, 257 (1972) (*In the United States, the 'royal prerogative' and the 'parenspatriae' function of the King passed to the States.*); *Fontain v. Ravenel*, 58

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

17

U.S. (17 How.) 369, 384 (1855) (*cannot exercise any equity powers, except those conferred by acts of congress*).

Beyond doctrine, the attorney-only mandate undermines access to justice. Courts acknowledge that it can "*force minors out of court altogether.*"—*Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 286 (2d Cir. 2005); *Grizzell v. San Elijo Elementary Sch.*, 110 F.4th 1177, 1181 (9th Cir. 2024) (*unquestionably raises concerns with grave implications for children's access to justice*). The shortage of affordable counsel makes the mandate a pay-to-play barrier for many families—contrary to *M.L.B. v. S.L.J.*, 519 U.S. 102, 113 (1996), and incompatible with statutes of limitation that presume parents will act timely on behalf of their children.—*discussed supra*.

This is a rule without a source, applied without consistency, and defended without justification. It's not grounded in the text, history, or structure of the law—and it is past time for courts to say so.

**VII. Stare decisis must yield to clear text; courts may not "insert an amendment" the law does not contain.**

Stare decisis is "*not an inexorable command.*"—*Janus v. AFSCME,* 585 U.S. 878, 917 (2018). "*This Court has not hesitated to overrule decisions offensive to the*

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

18

*First Amendment.*"—*Id.* Access to court is "*one of the highest and most essential privileges of citizenship,*"—*Chambers supra.* Preventing a minor's access to court based on a foundationless bar against full parental representation is precisely the kind of precedent that is "*demonstrably erroneous*"—and courts "*should not follow it.*"—*Gamble v. United States*, 587 U.S. 678, 718 (2019) (*Thomas, J., concurring*).

Courts have "*no power to insert an amendment*" into a clear statute. *Chan supra; See also Ratzlaf supra.* If ambiguity were thought to exist, "*where an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute to avoid such problems unless such construction is plainly contrary to the intent of Congress.*"—*Edward J. DeBartolo Corp. v. Florida Gulf Coast Building & Constr. Trades Council,* 485 US 568 - Supreme Court 1988. "*[T]he elementary rule is that every reasonable construction must be resorted to, in order to save a statute from unconstitutionality.*"—*Id.* The cannon of *expressio unius* compels the conclusion that it was *the intent of Congress* to deliberately omit "*attorneys at law*" from § 1654.

We are left with two competing interpretations—and only one can be considered a *reasonable construction* that aligns with the law, history, and constitutional rights that *must be resorted to*.

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

19

**Interpretation A. Counsel equals attorney —** Well-established parental decision-making rights are discarded. Minors lose their most trusted advocate: their parents. At best, they face delays in accessing the courts; middleground, they pay-to-play; or at worst, they are barred entirely—potentially mooting their right to redress. This view marks a departure from the Judiciary Act, renders Rule 17's structure hollow, injects ambiguity into § 1654, fractures the circuits, and forces ad hoc exceptions that already either violate § 1654 or abandon precedent entirely.

**Interpretation B. Counsel does not equal attorney —** Parental and child rights remain intact and fully protected. A child's best interests are not reflexively handed over to a court-appointed stranger who, by definition, can never match the care, duty, and constitutional authority of a fit and available parent. Access to justice is preserved. Families can prioritize allocation of resources. The Judiciary Act and § 1654 remain textually and historically consistent. Rule 17 has a consistent and coherent purpose. § 1654 means what it says—without ambiguity—and every circuit can apply it uniformly starting right now, without inventing federal exceptions unsupported by statute or tradition.

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

20

Is there a clearer example of demonstrably erroneous precedent? Reading "attorney" into § 1654 creates nothing but chaos where none existed while Plaintiffs' reading is the only interpretation that avoids all of these problems.

> *Given that the primary role of federal courts today is to interpret legal texts with ascertainable meanings, precedent plays a different role in our exercise of the "judicial Power" than it did at common law. In my view, if the Court encounters a decision that is demonstrably erroneous—i.e., one that is not a permissible interpretation of the text—the Court should correct the error, regardless of whether other factors support overruling the precedent. Federal courts may (but need not) adhere to an incorrect decision as precedent, but only when traditional tools of legal interpretation show that the earlier decision adopted a textually permissible interpretation of the law. A demonstrably incorrect judicial decision, by contrast, is tantamount to making law, and adhering to it both disregards the supremacy of the Constitution and perpetuates a usurpation of the legislative power.*

> *When faced with a demonstrably erroneous precedent, my rule is simple: We should not follow it. This view of stare decisis follows directly from the Constitution's supremacy over other sources of law—including our own precedents.—(Justice Thomas Concurring) Gamble v. US, 587 US 678 - Supreme Court 2019.*

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

21

## VIII. Practical objections (frivolousness/competence) don't justify rewriting Rule 17 or § 1654.

Objectors say an attorney-only mandate protects children from "*unskilled, if caring, parents,*" weeds out frivolous claims, and guarantees minimum competence. *See Devine; Cheung; Myers; Collinsgru.*

The "minimum competence" rationale cannot carry the day. The system already has remedies for poorly drafted or vexatious filings (Rules 8, 11, 12, and 56; fee-shifting/sanctions) and for deficient lawyering (substitution of counsel, malpractice remedies, sanction authority, Rule 17(c)(2)). More to the point, current practice allows parents to file suit to preserve a child's claims—and even mandates it (*Booth supra.)*—meaning any truly frivolous case still arrives at the courthouse and is then tested under the existing filters. If frivolity still comes through the door under the attorney-only rule, then barring access up front is neither necessary nor tailored.

In short, because parents can already commence actions and courts already possess ample tools to police merit and competence, the attorney-only "frivolity" rationale collapses on its own terms—indeed, it renders the frivolity argument frivolous.

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

22

**CONCLUSION**

Reconsideration is warranted because the May 21 Order was entered before Plaintiffs were heard on the Rule 17 and § 1654 issues that determine whether VC may proceed through her parent-guardian.

The text, structure, and history all align. Rule 17 designates a parent-guardian as a child's representative and a real party in interest making the case "*their own*"; 28 U.S.C. § 1654 guarantees parties may "*conduct their own cases personally or by counsel*"; and the Judiciary Act of 1789 confirms that "counsel" encompasses more than licensed attorneys. Congress deliberately chose "counsel" in § 1654 where the predecessor said "*counsel or attorneys at law*"—a choice that, under *expressio unius*, forecloses reading in an attorney-only requirement. Courts may not "*insert an amendment*" that the statute does not contain.

An attorney-only mandate intrudes on a parent's fundamental decision-making authority and can deny children timely access to justice—particularly in urgent matters like medical malpractice where the child may require relief to obtain appropriate care. The Federal Rules already provide targeted safeguards. A categorical bar against parental representation is unnecessary, untethered to the text, and constitutionally suspect.

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

23

If this Court believes circuit precedent points otherwise, it should not extend that atextual gloss. "*When faced with a demonstrably erroneous precedent,*" courts must apply the law, not perpetuate judicial error. This is not a request to ignore precedent, but a call to honor the law, the rules, the historical record, and the Constitution. When those sources speak clearly, courts must follow—even if that requires correcting course.

"Counsel" does not mean "attorney". No federal rule or statute imposes an attorney-only mandate, while no common-law tradition supports one. Because the text contains no such restriction, and because both parental rights and a child's access to court are at stake, this motion should be granted.

Alternatively, if the Court denies that relief, Plaintiffs respectfully request a clear, separate, representation-only order that identifies the affected claims, preserves the parents' individual claims, sets a date-certain counsel deadline, and provides that any dismissal of VC is without prejudice, for lack of representation only, and not on the merits.

**WHEREFORE**, Plaintiffs respectfully request entry of the accompanying Proposed Order.

**Respectfully submitted on this day of May 29, 2026**

*Justin Carlson   Rebecca Lombard*

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

24

Justin Carlson; Rebecca Lombard; and
VC, a Minor, by Justin Carlson
171 Elkview Dr.
Forest City, PA 18421
570-234-9808
justin.carlson.legal@gmail.com

PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MAY 21, 2026 ORDER AND FOR RECOGNITION AS VC'S RULE 17(c)(1)(A) GUARDIAN REPRESENTATIVE

25

**JUSTIN CARLSON et al.,**
**PLAINTIFFS,**

vs.

**MICHELLE GRAZIANO et al.**
**DEFENDANTS.**

**NO. 3:26-CV-01231**
**CAMONI, M.J.**

**CERTIFICATE OF
COMPLIANCE WITH LR
7.8(b)(2)**

I certify that the accompanying Brief complies with Local Rule 7.8(b)(2).

I further certify that this brief contains **4888** words, according to the word-count feature of the word-processing system used to prepare it.

**Respectfully submitted on this day of May 29, 2026**

*Justin Carlson  Rebecca Lombard*

Justin Carlson; Rebecca Lombard; and
VC, a Minor, by Justin Carlson
171 Elkview Dr.
Forest City, PA 18421
570-234-9808
justin.carlson.legal@gmail.com

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JUSTIN CARLSON et al.,**
**PLAINTIFFS,**

**vs.**

**MICHELLE GRAZIANO et al.**
**DEFENDANTS.**

**NO. 3:26-CV-01231**
**CAMONI, M.J.**

**CERTIFICATE OF USE OF**
**GENERATIVE AI**

I certify that I used OpenAI's ChatGPT to assist with legal research, organization, and polishing/editing portions of this filing. All factual assertions and legal arguments are my own. I personally reviewed and edited the final filing, independently checked the accuracy of the legal authorities and citations relied upon, and verified that the cited cases and authorities accurately pertain to the propositions for which they are used. Because generative AI may inadvertently slightly alter quoted language during editing, I also reviewed quoted material against the source authorities to the best of my ability.

**Respectfully submitted on this day of May 29, 2026**

*Justin Carlson Rebecca Lombard*

Justin Carlson; Rebecca Lombard; and
VC, a Minor, by Justin Carlson
171 Elkview Dr.
Forest City, PA 18421
570-234-9808
justin.carlson.legal@gmail.com