UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSTIN CARLSON et al., PLAINTIFFS,** | **NO. 3:26-CV-01231** **CAMONI, M.J.** |
| **vs.** | |
| **MICHELLE GRAZIANO et al. DEFENDANTS.** | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AGAINST CHOP** |

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiffs' Motion for Preliminary Injunction, the accompanying Brief in Support, the exhibits, proposed findings and conclusions, and the record, it is hereby ORDERED that the Motion is GRANTED as follows:

1. **Definitions.** For purposes of this Order, "**Subject Genetic Data**" means all genetic data and derivative outputs obtained from, generated by, or created through any genetic testing, sequencing, analysis, interpretation, reporting, storage, transfer, disclosure, or dissemination of V.C. undertaken by virtue of the August 12, 2024 seizure and CYS's asserted authority, including without limitation raw genetic data, sequence files, variant files, annotations, interpretive reports, summaries, analyses, and any information that reveals or reflects genetic information about V.C., Plaintiffs, or other biological family members.

1

2.     **Injunction Against Use or Disclosure.** Pending final adjudication or further Order of Court, Defendant Children's Hospital of Philadelphia ("CHOP"), and all persons bound by Fed. R. Civ. P. 65(d)(2), including its officers, agents, employees, attorneys, contractors, laboratories, vendors, affiliates, repositories, and any other persons acting in active concert or participation with it who receive actual notice of this Order, are ENJOINED from accessing, using, analyzing, disclosing, transmitting, uploading, transferring, copying, disseminating, or otherwise exploiting any Subject Genetic Data, except as strictly necessary to comply with this Order.

3.     **Deletion by CHOP.** Within fourteen (14) days of entry of this Order, CHOP shall permanently delete and purge all Subject Genetic Data from every system, location, and repository within its custody or control, including without limitation: medical records; laboratory systems; archives; backup systems and servers; cloud or hosted platforms; emails; spreadsheets; PDFs; research, quality-assurance, analytics, and secondary databases; and any digital or written reports, summaries, or derivative materials.

4.     **Third-Party Deletion Directives.** Within seven (7) days of entry of this Order, CHOP shall issue written deletion directives to every agent, vendor, laboratory, contractor, affiliate, repository, or other third party, in any location, that received, stored, processed, analyzed, maintained, copied, archived, backed up,

transmitted, uploaded, transferred, disclosed, or otherwise possesses any Subject Genetic Data by or through CHOP's transmission, disclosure, upload, transfer, or other provision of that data, whether on CHOP's behalf or otherwise. Such directives shall require the same cessation of use and disclosure and the same permanent deletion and purge required of CHOP by this Order.

5. **Reasonable Follow-Up.** CHOP shall undertake reasonable follow-up efforts to confirm compliance by each third party to whom a deletion directive is sent.

6. **Sworn Certification and Inventory.** Within fourteen (14) days of entry of this Order, CHOP shall file a sworn certification executed by a knowledgeable CHOP official that:

   a. identifies each internal repository, system, platform, location, or record set from which deletion occurred;
   b. identifies every known person, entity, platform, laboratory, vendor, affiliate, repository, or other location to whom Subject Genetic Data was sent, disclosed, uploaded, transferred, transmitted, copied, analyzed, stored, maintained, archived, or otherwise provided or where it otherwise existed;
   c. describes the steps taken to locate, delete, and purge the Subject Genetic Data;
   d. certifies that CHOP has completed deletion from each internal location identified;
   e. certifies that CHOP has issued deletion directives to each third party identified; and

f. attaches all third-party certifications, confirmations, or responses received by CHOP as of the filing date.

7. **Supplemental Certifications.** CHOP shall file supplemental sworn certifications within seven (7) days after receipt of any additional third-party certification, confirmation, or response, until all such responses received by CHOP have been filed.

8. **Bond.**

☐ Security under Fed. R. Civ. P. 65(c) is WAIVED.
☐ Security under Fed. R. Civ. P. 65(c) is set at $_____.

**9.** **Effect of Order.** This Order remains in effect pending final adjudication or further Order of Court.

Date: _____     _____

Sean A. Camoni

United States Magistrate Judge