## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUSTIN CARLSON; REBECCA  LOMBARD:
LOMBARD; VC, a Minor, by
JUSTIN CARLSON, Guardian                    :

                        :

             Plaintiffs    :

vs.                                         :          **CIVIL ACTION - LAW**
                        :          **JURY TRIAL DEMANDED**

MICHELLE GRAZIANO, in her individual    :
capacity; DIANNA ROSZEL, in her         :          NO.  3:26-CV-01231
individual capacity; BRITTANY SMITH,    :
in her individual capacity; JENNIFER    :
McCAMBRIDGE; SUSQUEHANNA                 :
COUNTY PENNSYLVANIA, acting through  :
Susquehanna County Children and         :
Youth Services; CHILDREN'S HOSPITAL     :
OF PHILADELPHIA; LINDSEY KUNKLE;     :
DR. ALEXANDRA MEDORO; DR. SERGEI :
ROUMIANTSEV; JACQUELINE                 :
CHANDLER; HEATHER OUSLEY;               :
WAYNE MEMORIAL HOSPITAL;                :
MORGAN SILFIES; DR. SALMAN ZAHID; :
DR. SHEILA HOCKMAN; CITY OF             :
PHILADELPHIA; OFFICER JOHN DOE 1,    :
in his individual capacity; OFFICER JOHN  :
DOE 2, in his individual capacity; VALERIE  :
A. ARKOOSH, in her official capacity as   :
Secretary of the Pennsylvania Department of  :
Human Services                          :
             Defendants    :

## MOTION OF DEFENDANT, WAYNE MEMORIAL HOSPITAL, TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12 (b) (6)

AND NOW, comes the Defendant, Wayne Memorial Hospital, (hereinafter referred to as "WMH"), by and through its counsel, Hill Fenstermaker LLC, and files the instant Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12 (b) (6), and in support thereof avers as follows:

1.    On or about May 7, 2026, Plaintiffs filed a Complaint against WMH and several Co-Defendants regarding alleged conduct that took place over a period beginning in August of 2024. (Doc. 1).

2.    The sum and substance of Plaintiffs' Complaint alleges that WMH caused harm to the Plaintiffs by reporting certain health information to CYS upon, and after, the birth of the minor child, VC ("VC"). (Doc. 1).

3.    Plaintiffs bring multiple counts alleging constitutional violations and bring those claims pursuant to Title 42, Section 1983 of the United States Code. (Doc. 1).

4.    The Plaintiff's Complaint also includes a claim of medical malpractice against WMH regarding alleged injuries sustained by VC during delivery.

5.    Several remaining allegations sounding in tort are contained in Plaintiffs' Complaint, including claims against WMH for Breach of Physician-Patient Confidentiality and Intentional Infliction of Emotional Distress.

**a. Plaintiffs fail to state a plausible claim for relief in that their Complaint fails to establish that WMH is a state actor.**

6.      Title 42, Section 1983 of the United States Code provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable..." 42 U.S.C.S. §1983.

7.      "[a] plaintiff seeking to hold an individual liable under § 1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626 (3d. Cir. 2009) citing Benn v. Universal Health Sys., 371 F.3d 165, 169-70 (3d. Cir. 2004).

8.      WMH is not a state actor, but rather, at all times material hereto, WMH was and is a medical facility wholly organized and operated as a private entity.

3

9. Additionally, "[the] mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment." <u>Blum v. Yaretsky</u>, 457 U.S. 991 (1982) citing <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 350. (1982).

10. "The Eastern and Southern Districts of New York have concluded that reporting suspected child abuse... does not constitute state action. *See, e.g., Storck v. Suffolk Cty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 941 (E.D.N.Y. 1999) (concluding that physicians who reported their suspicions of child abuse pursuant to state law were not state actors); *Deckon v. Chidebere*, No. 93 Civ. 7965, 1995 U.S. Dist. LEXIS 13544, 1995 WL 555684, at *3-4 (S.D.N.Y. Sept. 19, 1995) (concluding no state action existed when hospital reported suspected child abuse to government agency)." <u>Gay v. Children's Hosp. of Phila.</u>, No. 18-CV-2880, 2018 U.S. Dist. LEXIS 119094, at *12 (E.D. Pa. July 16, 2018).

11. Nothing alleged in Plaintiffs' Complaint can establish that any conduct of WMH staff constitutes state action.

12. Therefore, a necessary element of any claim pursuant to 42 U.S.C. Section 1983 is absent, as alleged against WMH.

13. The standard applicable to a Rule 12(b)(6) motion is that dismissal is appropriate if no relief could be granted under any set of facts that could prove

4

consistent with the allegations in the Complaint. <u>Hishon v. Spalding</u>, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 2d 59 (1984); <u>Bartholomew v. Fischl</u>, 782 F.2d 1148, 1152 (3d Cir. 1986).

14.    "To survive a motion to dismiss, a civil plaintiff must allege facts that raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." <u>Smith v. City of Philadelphia</u>, 2008 WL 2221894, *1 (E.D. Pa. 2008) (*citing* <u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 234 (3d Cir. 2007); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed. 2d 929 (2007)).

15.    "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." <u>Ashcroft v. Igbal</u>, 129 S.Ct. 1937 (2009). In <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, (3d Cir. 2009), the Third Circuit, applying <u>Igbal</u>, articulated a two-part test that Third Circuit District Courts must conduct in evaluating whether allegations in a complaint survive a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than

> allege the plaintiffs entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Id. at 210-211 (*internal citations omitted*).

16. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Igbal, 129 S.Ct. at 1950. This "plausibility" determination under step two of the analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

17. WMH believes and, therefore, avers that pursuant to Fed. R. Civ. P. 12(b)(6), in light of the fact that Plaintiffs fail to, and cannot, establish that WMH is a state actor, Plaintiffs' Complaint fails to state a cause of action for which relief can be granted.

18. In light of the foregoing, WMH, respectfully requests the dismissal of Plaintiffs' claims brought under 42 U.S.C. Section 1983 pursuant to Fed. R. Civ. P. 12(b)(6) for failing to aver any facts that establish WMH is a state actor, and as such, failing to set forth a plausible claim for relief.

## b. Plaintiffs fail to set forth a plausible claim for relief in each of their state law tort claims.

19.    Plaintiffs allege a claim for Breach of Physician-Patient Confidentiality.

20.    "[A] patient's right to confidentiality is less than absolute." Moses v. McWilliams, 549 A.2d 950, 954 (Pa.Super. 1988).

21.    "In order for a disclosure to be actionable at law, the disclosure must be made without legal justification or excuse. The law is replete with statutory justifications for disclosure that are deemed to outweigh the patient's right to confidentiality." Id.

22.    Plaintiffs' allegations against WMH contend that WMH and its staff obtained Lombard and VC's medical and personal information and released it to state agencies without consent, causing the harm described in the Complaint. Doc 1 at 52.

23.    WMH is required to provide relevant medical information to a county agency when an assessment for general protective services or child abuse investigation is being conducted:

> "In circumstances which negatively affect the medical health of a child, a certified medical practitioner shall in a timely manner provide the county agency with the following information when an assessment for general protective services or a child abuse investigation is being

7

conducted or when the family has been accepted for services by a county agency:

**(1)** Relevant medical information known to the certified medical practitioner regarding the child's prior and current health.

**(2)** Information from a subsequent examination.

**(3)** Information regarding treatment of the child.

**(4)** Relevant medical information known regarding any other child in the child's household where such information may contribute to the assessment, investigation or provision of services by the county agency to the child or other children in the household."

23 Pa.C.S. 6340.1.

24.     Plaintiffs' Complaint specifically alleges that the information reported was reported pursuant to a CYS assessment and investigation.

25.     Therefore, the disclosure was not made without legal justification, and, as such, it is not actionable at law, prohibiting any possibility that Plaintiffs have, or could, set forth any plausible claim for relief.

26.     Plaintiffs allege a count for Medical Malpractice against WMH.

27.     The substance of these allegations allege that WMH did not appropriately inform the Plaintiffs regarding a bruise on VC's scalp that was present following delivery.

8

28.    At no point does the Complaint allege that WMH breached any standard of care, nor that any subsequent injuries or treatment to VC were a result of any breach.

29.    Additionally, the damages alleged include: fear, anxiety and anguish attributable to Carlson and Lombard due to "VC's rapid deterioration, emergency transfer, and risk of permanent brain injury", which are unrelated to any alleged lack of information provided regarding the bruise on VC's scalp; and medical expenses and other costs incurred by Carlson and Lombard.

30.    These alleged damages are not recoverable for an alleged injury to VC, as Carlson and Lombard do not, and cannot, allege injuries sustained pursuant to any claim of medical negligence arising from a duty owed to, and resulting in physical injury to, themselves.

31.    As such, Plaintiffs have failed to allege both an identifiable breach of the standard of care and any damages recognizably attributable to the same, and have not set forth a plausible claim for medical negligence.

32.    Finally, Plaintiffs also allege a claim for Intentional Infliction of Emotional Distress against all Defendants, including WMH.

33.    To prevail on this tort, the Pennsylvania Supreme Court has indicated that "in order for a plaintiff to prevail on such a claim, he or she must, at the least,

demonstrate intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress to the plaintiff." Swisher v. Pitz, 868 A.2d 1228, 1230 (Pa.Super. 2005) citing Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115 (Pa.Super. 2004).

34.     "'Outrageous or extreme conduct" has been defined by the appellate courts of this Commonwealth as conduct that is "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society.'" Reeves at fn 5.

35.     Here, the conduct alleged against WMH regarding this claim is limited to a disclosure of certain health information to CYS pursuant to law.

36.     Clearly, nothing alleged in the Complaint could plausibly rise to the level of conduct that is so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency; categorized as atrocious and utterly intolerable in civilized society.

37.     As such, Plaintiffs have failed to allege a claim for Intentional Infliction of Emotional Distress to any extent, and have not set forth a plausible claim for relief.

WHEREFORE, Defendant, WMH, respectfully requests this Honorable Court grant its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiffs' Complaint in its entirety.

Respectfully submitted,

**HILL FENSTERMAKER, LLC**

By: _____
      John R. Hill, Esquire
      Pa ID # 54046
      John@hillfenstermaker.com
      1 W. Broad Street, Suite 210
      Bethlehem, PA 18018
      (610) 694-1100

Date: June 22, 2026

11