**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUSTIN CARLSON; REBECCA LOMBARD; VC, a Minor, by JUSTIN CARLSON, Guardian,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **NO. 3:26-CV-01231** |
| **MICHELLE GRAZIANO, *et al.*,** | : | **MAG. JUDGE CARLSON** |
| **Defendants.** | : | **ELECTRONICALLY FILED** |

**CHOP DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

On July 17, 2026, Defendants The Children's Hospital of Philadelphia ("CHOP"), Sergei Roumiantsev, MD, Jacqueline Chandler, MPH, PA, Heather Ousely, MS, Lindsey Kunkel, LCSW, and Alexandra Medoro, MD (hereinafter collectively, "CHOP Defendants") moved to dismiss Plaintiffs' claims against CHOP Defendants in their entirety. CHOP Defendants' Motion and supporting brief demonstrate that Plaintiffs' constitutional claims against the CHOP Defendants, who are not state actors, should be dismissed along with Plaintiffs' state law claims, each of which fall far short of meeting the necessary elements needed to support those claims. Plaintiffs' Opposition Brief, filed on August 7, 2026, contains critical misstatements of fact and law and does nothing to disturb that reasoning. CHOP

Defendants now set forth this Reply Brief in Further Support of their Motion to Dismiss Plaintiffs' First Amended Complaint.

## II. ARGUMENT

### A. Treatment in Compliance with a Valid Court Order Does Not Make CHOP Defendants State Actors.

Plaintiffs' Opposition Brief does not bring them any closer to satisfying the "under color of state law" requirement for Section 1983 claims. While they attempt repeatedly to recast CHOP Defendants' conduct, Doc. 78 at pp. 4-5, that effort should be rejected. All actions taken by CHOP Defendants were pursuant to mandatory reporting obligations under Pennsylvania law and a then-valid court order. Plaintiffs cannot now retroactively convert CHOP Defendants into state actors under the public function, joint action, and close nexus tests. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Plaintiffs' Amended Complaint fails under each one of them.

First, Plaintiffs' Opposition Brief does not identify any function that CHOP assumed that is "traditionally the exclusive prerogative of the state." Plaintiffs do not—and cannot—allege that CHOP Defendants, a private pediatric hospital and its practitioners, performed a function traditionally and exclusively reserved to the state. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982) (holding that a private entity does not become a state actor merely because it performs a function serving the public); *Leshko v. Servis*, 423 F.3d 337, 347 (3d Cir. 2005) (explaining that the

relevant inquiry is whether the challenged function has been "a traditionally *exclusive* public function") (emphasis added). Indeed, Plaintiffs appear to concede the point within their Opposition Brief. (Doc. 78 at pp. 5-6) ("CHOP's public-function argument therefore answers a proposition Plaintiffs do not advance: that providing pediatric medical care is 'traditionally the exclusive prerogative of the State.'").

Nor can Plaintiffs satisfy the joint action test. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941 (1982). In a purported attempt to satisfy this test, Plaintiffs appear to rely on CYS's involvement in V.C.'s care and the protective services proceedings. But these allegations establish, at most, cooperation with CYS. That's not enough to establish CHOP Defendants as state actors. *See Commonwealth v. Yim*, 195 A.3d 922, 927 (Pa. Super. 2018) ("[M]ere cooperation with the authorities alone does not constitute state action."). So too for Plaintiffs' reliance on police involvement. The mere presence of governmental actors or adherence to a statutory process does not automatically convert the conduct of a private party into state action. *See Staino v. Com., Pennsylvania State Horse Racing Comm'n*, 512 A.2d 75, 77 (Pa. Cmwlth. 1986) ("[T]he fact that a private party follows a procedure outlined in a state statute does not convert the private action into state action.").

Finally, Plaintiffs fail to allege the close nexus or symbiotic relationship necessary to attribute CHOP's conduct to the Commonwealth. That test requires

"there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko*, 423 F.3d at 339 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)). Plaintiffs' Opposition Brief does not satisfy that test. Plaintiffs' allegations instead concern a discrete interaction between a private hospital and governmental agencies regarding one patient's care. That is insufficient to establish the pervasive governmental involvement required under the close-nexus test. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) ("Action taken by private entities with the mere approval or acquiescence of the State is not state action.").

* * *

Accordingly, Plaintiffs have failed to demonstrate that CHOP Defendants acted under color of state law and their constitutional claims at Counts I through IX necessarily fail and should be dismissed.

**B. Because an Open CYS Assessment Existed, CHOP's Disclosure of Medical Information to CYS is Not Actionable.**

It is an established fact that CYS maintained an open case and report at the time of CHOP's referral to CYS. Plaintiffs rely on inaccurate allegations and mistaken law to claim that CHOP's disclosure of VC's medical information was unlawful. While the plaintiffs maintain that "CHOP cannot ask this [C]ourt to assume an ongoing assessment or investigation before [CHOP's] disclosure" (Doc.

78 at p. 11), the Court need not assume a fact that is already of record. An "open case and report" existed at the time of V.C.'s admission to CHOP. *Carlson et al. v. Graziano et al.*, 1675 MDA 2024 (Pa. Super. 2026).

Plaintiffs also misapprehend the law where they argue that disclosure was improper because the Pennsylvania Superior Court later determined that CYS did not establish a causal nexus between the plaintiffs' conduct and V.C.'s condition. (Doc. 78 at p. 11). A subsequent determination that a report is unfounded is irrelevant to the propriety of the disclosure while the assessment is ongoing. 23 Pa. C.S. § 6340.1. Indeed, it would defy logic to expect providers to predict the future outcome of an ongoing assessment before deciding whether to furnish medical information to a county agency investigating possible child abuse. The statute, however, places no such expectation on medical providers; instead, the disclosure requirement is non-discretionary:

> In circumstances which negatively affect the medical health of a child, a certified medical practitioner **shall**, in a timely manner, provide the county agency with the following information when an assessment for general protective services or a child abuse investigation is being conducted or when the family has been accepted for services by a county agency:
>
> (1) Relevant medical information known to the certified medical practitioner regarding the child's prior and current health.
> (2) Information from a subsequent examination.
> (3) Information regarding treatment of the child.

> (4) Relevant medical information known regarding any other child in the child's household where such information may contribute to the assessment, investigation or provision of services by the county agency to the child or other children in the household.

23 Pa. C.S. § 6340.1 (emphasis added).

CHOP's purported disclosure of V.C.'s medical information was therefore proper, legally required, and not actionable. Plaintiffs' claim for Breach of Physician-Patient Confidentiality should be dismissed accordingly.

### C. Plaintiffs' Abuse of Process Claim Fails Where There Was No Perversion of a Legal Process to Accomplish a Result for Which the Process Was Not Designed.

Plaintiffs likewise misconstrue the record in their abuse of process claim. Specifically, Plaintiffs maintain that "no judge, CYS employee, written order, warrant, or judicial directive required separation, yet CHOP directed police to separate them and police used detention, arrest, physical removal, and the summary offense process to accomplish it." (Doc. 78 at p. 15). This is demonstrably false.

The Pennsylvania Supreme Court succinctly set forth the facts of record in its February 6, 2026 opinion: "Utilizing the CHOP referral, CYS orally applied for emergency protective custody of V.C. on August 12, 2024. . . . The juvenile court orally granted the application immediately." Then, "[i]n executing the oral shelter care order that evening," hospital security and the policy removed the plaintiffs from the hospital. *Carlson et al. v. Graziano et al.*, 1675 MDA 2024 (Pa. Super. 2026).

Plaintiffs are also mistaken where they claim, "the summary-offense process served as the mechanism for accomplishing and maintaining a [parent-child] separation *for which no separation order existed*." (Doc. 78 at pp. 16-17) (emphasis added). On the contrary, it is a fact of record that a shelter care order existed, and Plaintiff's removal from CHOP on August 12, 2024 was accomplished pursuant to that order. *See Carlson supra*. Plaintiffs' claim that the CHOP Defendants acted extrajudicially or otherwise acted without authority has no factual basis.

Further, not only do Plaintiffs wrongly seek to implicate the CHOP Defendants in an alleged perversion of a legal process—*i.e.* emergency protective child custody—in which CHOP had no direct involvement applying for, seeking, or obtaining, but Plaintiffs' proffered ulterior motive, parent-child separation, is an enumerated result of child-protective custody, not a perversion of the same. *See* 23 Pa.C.S.A. § 6315(a)(4) ("Subject to this section and after receipt of a court order, the county agency shall take a child into protective custody for protection from abuse.") *See also Shaffer v. Stewart*, 473 A.2d 1017, 1019 (Pa. Super. 1984) ("Where a party merely carries out the process to its authorized conclusion, there is no abuse of process.") (citation omitted).

Plaintiffs' abuse of process claim therefore fails where it can identify no legal process in which CHOP engaged to accomplish a purpose for which the process was not designed. *Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa. Super. 2008).

**D. Plaintiffs' Shotgun Pleading of Their Intentional Infliction of Emotional Distress Claim Warrants Dismissal.**

Plaintiffs impermissibly rely on the "shotgun approach" to plead their Intentional Infliction of Emotional Distress claim, arguing that, while the claim's allegations are silent as to the CHOP Defendants, the incorporation of the preceding 566 paragraphs of the First Amended Complaint satisfies their pleading requirements. (Doc. 78 at p. 18). Courts have consistently rejected this deficient pleading approach. *K.E. v. Dover Area School District*, 2016 WL 2897614 at *4 (M.D. Pa. 2016)[1] (dismissing a claim containing averments that "broadly incorporate all preceding paragraphs[.] . . . This desultory manner of pleading falls woefully short of providing [the defendant] with fair notice of what the...claim is and the grounds upon which it rests.") (internal quotation marks and citation omitted); *Barone v. Wells Fargo Bank, N.A.*, 709 Fed.Appx. 943, 951—952 (11th Cir. 2017) (Dismissing a complaint that contained "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"). Plaintiff's Intentional Infliction of Emotional Distress claim therefore fails to set forth the basic elements of the cause of action against the CHOP Defendants with the requisite specificity.

---

[1] The unpublished decisions cited herein are reproduced in the attached Appendix pursuant to Local Rule 7.8(a).

## III. CONCLUSION

For the foregoing reasons, and for those more fully stated in CHOP Defendants' opening brief, the Court should dismiss all claims against CHOP Defendants within the First Amended Complaint with prejudice.

Date: August 21, 2026

Respectfully submitted,

/s/ Frank J. Brier

Frank J. Brier
Frederick J. Lokuta
Richard L. Armezzani

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
fbrier@mbklaw.com
flokuta@mbklaw.com
ramezzani@mbklaw.com

*Counsel for Defendants Children's Hospital of Philadelphia, Sergei Roumiantsev, MD, Jacqueline Chandler, MPH, PA, Heather Ousley, MS, Lindsey Kunkel, LCSW, and Alexandra Medoro, MD*

## CERTIFICATE OF SERVICE

I, Frank J. Brier, hereby certify that a true and correct copy of the foregoing Reply Brief in Further Support of Motion To Dismiss was filed electronically and has been served upon all parties and counsel of record via the Court's CM/ECF system on this 21st day of August 2026.

/s/ Frank J. Brier
Frank J. Brier