**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTIN CARLSON, *et al.*, | : | Civil No. 3:26-CV-01231 |
| Plaintiffs, | : | |
| v. | : | |
| MICHELLE GRAZIANO, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**ORDER**

Before the court is an appeal from a non-dispositive order issued by United States Magistrate Judge Martin C. Carlson. (Doc. 105.) For the reasons that follow, Judge Carlson's order is affirmed.

On August 21, 2026, Judge Carlson issued an order denying Plaintiffs' motion for reconsideration of the order requiring Plaintiffs to obtain counsel for their minor child, VC, if they wish VC to remain a party to this action. (Doc. 91.) The order also extended the deadline for Plaintiffs to locate counsel for VC. (*Id.*) Plaintiffs appeal that order arguing that Plaintiff Justin Carlson is an appropriate representative for VC pursuant to Federal Rule of Civil Procedure 17.

When a party appeals from a non-dispositive order issued by a United States Magistrate Judge, a district court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting Fed. R. Civ. P. 72(a)). "This standard requires

the District Court to review findings of fact for clear error and to review matters of law de novo." *Id.* (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The party appealing the non-dispositive order has the burden of proof to establish that the order was clearly erroneous or contrary to law. *See NLRB v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992) (noting that under 28 U.S.C. § 636, "a district judge may reconsider a magistrate judge's decision where it has been shown to be clearly erroneous or contrary to law"); *accord Haines*, 975 F.2d at 91 (citing 28 U.S.C. § 636(b)(1)(A)).

The court will affirm Judge Carlson's order. While Plaintiffs are correct that Justin Carlson, as guardian of VC, is an appropriate representative to sue on behalf of VC, there is a separate requirement that a minor, who has sued through a representative, must have counsel. *See* Fed. R. Civ. P. 17; *Ho v. Lower Merion Sch. Dist.*, No. 23-1259, 2024 WL 1007453, at *1 (3d Cir. Mar. 8, 2024) (citing *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991)). The Third Circuit has continuously held that "a minor must be represented by an attorney in federal court" and that "non-attorney parents cannot represent their children themselves but rather must be represented by counsel in bringing an action on behalf of their child." *Ho*, 2024 WL 1007453, at *1.

Accordingly, **IT IS ORDERED THAT** Plaintiffs' appeal, Doc. 105, is **DENIED** and Judge Carlson's August 21, 2026 order, Doc. 91, is **AFFIRMED**.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: September 18, 2026